CAROLINE LOREY

*v.*

CAROLINE OVERTON et al.

Three tenants in common of lands gave a mortgage thereon to secure money borrowed by one of them from the mortgagee, who afterwards assigned it to the borrower's daughter.—*Held*, on foreclosure, that it was no defence that the assignee knew, at the time of the assignment, that her father was the real debtor and his comortgagors only sureties, and that the only relief the latter were entitled to was to have the real debtor's interest in the premises sold first before resorting to that of the sureties.

*Mr. W. W. Cutler*, for complainant.

*Mr. James H. Neighbour*, for defendants. ·

BIRD, V. C.

The defendants to this bill to foreclose are a brother and two sisters, the owners in fee, as tenants in common of the lands mortgaged. The brother borrowed of Mrs. Wood $1,600, and gave his bond, and he and his sisters gave the mortgage in suit on said lands as further security. Mrs. Wood assigned the bond and mortgage to the complainant, who is a daughter of Lewis, the real debtor. One of the defendants, by her answer, insists that she had no interest in the said transaction, beyond securing the loan, and that this fact was well known and understood by the complainant when she accepted the assignment of the mortgage; and that this being so, the complainant cannot enforce the claim under the mortgage, against the interest of said answering defendant in the land.

Supposing that the complainant knew all the facts, is there anything in the case to discharge her from her liability as surety? For I can see no other principle involved than that which arises between creditor and surety. The testimony satis-

fies me that the husband of complainant advanced and paid a full consideration for the mortgage, and caused it to be assigned to the complainant. But, independently of the question of consideration, in my judgment, the defence entirely fails. The defendant voluntarily joined in the execution of the mortgage to secure the claim. There is no deception, nor any pretence of it set up or shown. It is true, something is said in the answer to the effect that the sister's interest was not, after all, to be bound. But she gave the mortgage and thereby bound her interest, and this cannot be overcome by parol. The title of Mrs. Wood was perfect; she could have enforced her claim against all the tenants in common. All these rights she could assign, and just as well or perfectly without consideration, as by gift, as for their highest cash value. The defendant could no more question the rights of the donee in such case than she could those of the donor. In my judgment, all that the court can do is to order the interest of William J. Lewis, the principal debtor, sold first, and in case that does not produce enough to satisfy the claim, that then the balance be sold. I believe there is no dispute as to the amount due.

The complainant is entitled to a decree accordingly, with costs.